Janice L Park, pro se
P. O. Box 202726
Anchorage AK 99520
Ph. 907-243-9873; 415-713-2287
waterstore@gci.net

**RECEIVED**

DEC 12 2016

CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

JANICE PARK, an individual; ) Case No.:
)
Plaintiff, )
) **COMPLAINT FOR DECLARATORY**
vs. ) **AND INJUNCTIVE RELIEF TO**
) **PREVENT IRREPARABLE**
) **VIOLATION OF THE GUARANTY**
SEAN PARNELL, CAROL LEMAN, and ) **OF EQUAL PROTECTION OF THE**
JACQUELINE TUPUO, MEMBERS OF THE ) **LAWS UNDER THE FIFTH**
ELECTORAL COLLEGE, ) **AMENDMENT, AND OF THE**
) **PRINCIPLE OF "ONE PERSON, ONE**
) **VOTE"**
Defendants. )
)

Plaintiff JANICE PARK (PARK) alleges as follows:

**THE PARTIES**

1. PARK is a resident of the State of Alaska, and as such, cast a vote in the November 8, 2016 Presidential election for Democratic candidate Hillary Clinton.

2. Defendants, Sean Parnell, Carol Leman, and Jacqueline Tupuo, the Alaska Electors (the "E.C. Members") are the electors chosen by the Alaska Republican Party for the winner of popular vote in Alaska. The E.C. MEMBERS will gather in Alaska on the first Monday following the second Wednesday of December after the Presidential election

1

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case 3:16-cv-00281-TMB Document 1 Filed 12/12/16 Page 1 of 6

(December 19, 2016), in order to submit to the President of the Senate, Vice President Joseph Biden, their votes for the President and Vice-President of the United States.

3. Unless this Court issues the relief sought herein, the E.C. Members are overwhelmingly likely to cast their votes in such a manner as to violate the guaranty of PARK's rights to equal protection of the laws under the Fifth Amendment of the United States Constitution, *see, Bolling v. Sharpe*, 347 U.S. 497 (1954), and the fundamental principle of "one [person], one vote, enunciated by the United States Supreme Court in *Baker v. Carr*, 369 U.S. 186 (1962).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter under Title 28 U.S.C. § 1331 (federal question jurisdiction), § 2201 (authorizing declaratory relief), and § 2202 (authorizing injunctive relief).

5. Venue is proper in this Court under Title 28 U.S.C. § 1391(b).

## INJUNCTIVE RELIEF ALLEGATIONS

6. PARK hereby incorporates each of the allegations contained in Paragraphs 1 through 5 above, and incorporates them as though fully set forth here.

7. As of 7:00 a.m. P.S.T. December 10, 2016, according to Cook Political Report, Hillary Clinton received about *2.84 million more* votes in the Presidential election than President-Elect Donald Trump, out of approximately 130 million votes cast. There is no reasonable chance that Trump will surpass Clinton in the popular vote, or even narrow the present margin; according to election analysts, the margin for Clinton will grow; and 5 (five) states, Michigan, Wisconsin, Pennsylvania, Florida, and Nevada are currently engaged in recount efforts (CNN, December 6, 2016), while provisional ballots are still being tabulated in several states. This court may properly take judicial notice that there exist federal court suits as yet unresolved including; *In re: The Matter of the 2016 Presidential election*, No.653 MD 2016 and a suit by voters in Florida; as well as an order for a hand

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

recount ordered in the Eastern District of Michigan, Southern Division, by the Honorable Mark Goldsmith (Case No. 16-14233). In addition E. C. Members in Washington State and California (*Politico, Kyle Cheney, December 10, 2016*), as well as in Colorado (*Wall Street Journal, Jacob Gershman; December 8, 2016*) have filed suit to prevent their being compelled to vote for Donald Trump. These matters are far from settled.

8. In fact, Clinton's ultimate margin is widely expected to approach 3 million votes. Notwithstanding this historic margin of votes in favor of the projected loser of the Presidential election, E.C. MEMBERS are poised to award the Presidency to Trump on December 19th, because they will cast their votes according to the vote winner of each state and the District of Columbia.

9. Even taking Clinton's vote margin over Trump according to AP, unless this Court issues the injunctive relief sought herein, the E.C. MEMBERS will effectively cause a single vote for Clinton to be valued less than a single vote for Trump. Calculating roughly based on the vote totals available to PARK at the time of this complaint, the value of each Clinton vote will count for only about .97 of each Trump vote. If Clinton's margin expands as projected, that value will decrease to about .95.

10. The Fifth Amendment guarantees to all citizens the equal protection of federal laws, and is more explicitly protective against unfairness than the Due Process Clause of the Fifth and Fourteenth Amendments. *Bolling v. Sharpe*, 347 U.S. 497, 499. Thus, the Fifth Amendment creates a fundamental right in each citizen and a corresponding obligation on the part of all government entities to treat federal election voters fairly. Counting each Clinton vote, including PARK's Clinton vote, as only equal to approximately .99, that is, quantifiably less than each Trump vote, is fundamentally unfair, and serves no legitimate, let alone compelling government interest. Therefore, the action that the E.C. MEMBERS are all but certain to take on December 19, *i.e.*, casting their votes only in accordance with the declared winner of the states each of the E.C. MEMBERS represents, violates PARK's right under the Fifth Amendment to equal protection of the laws pertaining to his vote for President.

11. In addition, the E.C. MEMBERS' anticipated action violates the fundamental, inviolate principle set forth by the United States Supreme Court in *Baker v. Carr* 369 U.S. 186, of "one person, one [whole] vote." There is no precedent supporting an election process that for all intents and purposes rests on a principle of "one person, .95-.97 vote." PARK is therefore prejudiced where her vote counts less.

12. Injunctive relief is necessary because the process by which the E.C. MEMBERS will elect the President on December 19th is irreconcilable with PARK's rights --- and those of approximately 63 million other Clinton voters -- under the Equal Protection Clause and *Baker v. Carr*. Either the procedural process set forth in the United States Constitution which the E.C. MEMBERS will follow or PARK'S and millions of others' fundamental rights can be vindicated by this Court under the United States Constitution, but both cannot be.

13. PARK's fundamental right to have her vote counted equally with a Trump voter's supersedes the E.C. MEMBERS' interests in following the Electoral College process, for the reasons set forth above in Paragraphs 9-12. The harm the E.C. MEMBERS' action on December 19th will cause PARK is substantial and irreparable, and PARK lacks any adequate remedy in law. Accordingly, an injunction prohibiting the E.C. MEMBERS from casting votes on December 19, 2016 is necessary and appropriate.

**DECLARATORY RELIEF ALLEGATIONS**

14. PARK hereby incorporates each of the allegations contained in Paragraphs 1 through 13 above, and incorporates them as though fully set forth here.

15. An actual and substantial controversy now exists between PARK and the E.C. MEMBERS as to their respective rights and duties. PARK contends the process the E.C. MEMBERS will engage in on December 19, 2016 will irreparably injure PARK by infringing her right to equal protection of the laws under the Fifth Amendment by devaluing to less than one her vote for Clinton, while the E.C. MEMBERS are presently believed to contend they should cast their votes on December 19th according to the popular vote winner

of each of the states and the District of Columbia -- which will result in Trump's being elected President.

16. This dispute is presently justiciable because by all indications, the E.C. MEMBERS will vote on December 19th to make Donald Trump the 45th President despite his receiving about *2.84 million fewer votes* than Hillary Clinton, thereby causing substantial and cognizable injury to PARK.

17. Credible evidence has been caused the President of the United States of America to order an investigation indicates insignificant intervention on the part of hostile foreign powers that have impacted the electoral process (*The Atlantic, Kaveh Waddell, December 9, 2016*). Even more disturbing, Donald Trump is implicated in depriving PARK of the full credit of her vote (*New York Times; Mark Mazzetti and Eric Lichtblau, December 11, 2016*). Not only is PARK prejudiced thereby, her person has been threatened and placed in jeopardy by illegal acts and omissions of Donald Trump

18. The E.C. MEMBERS' anticipated action, based on their presumed contention in this matter, has substantially affected and will directly, substantially and adversely affect PARK. This action will also place E.C. Members in violation of their duty Therefore, a judicial determination of the parties' respective rights and obligations as to this controversy is necessary and appropriate at this time.

## PRAYER FOR RELIEF

Wherefore, PARK prays for judgment as follows:

1. For a judicial declaration that the E.C. MEMBERS' anticipated action on December 19, 2016 will substantially, adversely, and irreparably injure PARK and all other Clinton voters, in violation of PARK's rights under the Fifth Amendment, and will derogate the fundamental principle of one person, one vote.

2. For a judicial declaration that the process to be followed by the E.C. MEMBERS in electing the 45th President is irreconcilable with PARK's rights to equal

protection of the laws under the Fifth Amendment, and will derogate the fundamental principle of one person, one vote.

3. For a judicial declaration that under longstanding principles of statutory and Constitutional construction, PARK's rights supersede the interests of the E.C. MEMBERS in following the procedure for electing the 45th President.

4. For an order permanently enjoining the E.C. MEMBERS from casting votes for President on December 19th in a manner not consistent with Hillary Clinton's receiving many, many more votes than Donald Trump, or otherwise performing their duties in such manner as effectively to diminish to less than one the value of PARK'S vote for Hillary Clinton.

5. For all such other relief as this Court deems just and proper.

Respectfully submitted this 12th day of December 2016,

Janice L. Park
PO Box 202726
Anchorage Alaska 99520

CERTIFICATE OF SERVICE:

A true and correct copy of this document was served by on December 12, 2016 on the following:

Jahna Lindemuth,
Attorney General for the State of Alaska
P. O. Box 110300
Juneau, Alaska 99811-0300

6

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Case 3:16-cv-00281-TMB Document 1 Filed 12/12/16 Page 6 of 6