JAHNA LINDEMUTH
ATTORNEY GENERAL

Rachel Witty
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-6612
Facsimile: (907) 258-4978
Email: rachel.witty@alaska.gov

*Attorney for Defendants, Sean Parnell, et al*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANICE PARK, </br></br> Plaintiff, </br></br> v. </br></br> SEAN PARNELL, CAROL LEMAN, and JACQUELINE TUPUO, MEMBERS OF THE ELECTORAL COLLEGE, , </br></br> Defendants. | Case No. 3:16-cv-00281 TMB </br></br> **MOTION TO DISMISS** |

**MOTION TO DISMISS**

The defendants file this motion pursuant to the Court's order at Docket 5 and ask the Court to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Electoral College is part of the constitutional framework of the United States of America and the Electors are not prohibited from participating in the College's selection of the President and Vice President as provided in the 12th Amendment by the equal protection clause found in the 14th Amendment. The plaintiff has therefore failed to state a cause of action for which relief may be granted and this Court should dismiss the complaint.

## BACKGROUND

The plaintiff, Janice Park, who is pro se, has filed a complaint against Alaska's three members of the Electoral College, alleging that their votes for Donald Trump when the Electoral College meets on Monday, December 19, 2016, although consistent with the choice of Alaska voters[1] and Alaska law,[2] will violate her right to equal protection, because she voted for Hillary Clinton and Ms. Clinton won a greater percentage of the popular vote in the Presidential election than Mr. Trump. Although the election was held on November 8, 2016, and Mr. Trump's presumptive majority in the Electoral College despite Ms. Clinton's lead in the popular vote was apparent no more than a few days later, Ms. Park waited until December 12, 2016 to file this complaint.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[3]

---

[1] In the November 8, 2016 Presidential General Election in Alaska, Donald Trump received 163,387 votes (51.28%) to Hillary Clinton's 116,454 votes (36.55%). Thus, Donald Trump prevailed in Alaska by a margin of 46,933 votes, or 14.73% of the vote. *See State of Alaska, 2016 General Election, November 8, 2016 Official Results*, available at: http://www.elections.alaska.gov/results/16GENR/data/results.pdf.

[2] *See* AS 15.30.090 describing the "duties of electors": "The electors shall proceed to cast their votes for the candidates for the office of President and Vic-President of the party that selected them as candidates for electors…and shall perform the duties of electors as required by the constitution and laws of the United States."

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4]

## ARGUMENT

**The plaintiff has failed to state a claim for which relief may be granted because the Electoral College is part of the constitutional framework for electing the President and Vice-President of the United States of America.**

The gravamen of Ms. Park's complaint is the allegation that by voting for Donald Trump to be President of the United States, despite Ms. Clinton's victory in the national popular vote, Alaska's electors will violate her right to an equal say in the choice of President—in effect, she complains, her vote is worth less than that of voters who cast their ballots for Mr. Trump in violation of the principle of "one person, one vote" announced in *Gray v. Sanders*.[5]

Although Ms. Park is correct that the effect of the Electoral College system is to weight the votes of voters in different states differently, this system is expressly authorized in the Constitution[6] and, thus, does not violate her constitutional rights. Indeed, in *Gray v. Sanders*, the Supreme Court characterized the Electoral College as a "sanctioned" weighting of votes: "The only weighting of votes sanctioned by the

---

[4] *Id.*

[5] 372 U.S. 368, 381 (1963) ("The conception of political equality from the Declaration of Independence, to Lincoln's Gettysburg Address, to the Fifteenth, Seventeenth, and Nineteenth Amendments can mean only one thing—one person, one vote.") The complaint cites *Baker v. Carr*, 369 U.S. 186 (1962), for this principle, but in that case the Supreme Court decided simply that a claim that a state legislative apportionment violated equal protection presented a justiciable question.

[6] *See* U.S. Const. art. II, § 1; amend. XII.

Constitution concerns matters of representation, such as the allocation of Senators irrespective of population and the use of the electoral college in the choice of a President."[7] And in *Reynolds v. Sims*, the Supreme Court rejected Alabama's argument in defense of its districting scheme as analogous to the approach used by the Electoral College, noting, "[t]he inclusion of the electoral college in the Constitution, as the result of specific historical concerns, validated the collegiate principle despite its inherent numerical inequality, but implied nothing about the use of an analogous system by a State in a statewide election."[8] Thus, the Supreme Court has expressly held that the "inherent numerical inequality" of the Electoral College is "validated" by its inclusion in the Constitution.

    Ms. Park's contrary argument requires this Court to hold that—in spite of this clear statement by the Supreme Court—the Fourteenth Amendment's equal protection clause dismantles some of the most fundamental structures of American government, rendering unconstitutional any part of the framework of our federal system in which one person's vote is weighted more heavily than another's. No authority supports this reading of the Fourteenth Amendment. Indeed, other federal courts have expressly rejected precisely the arguments made by Ms. Park. For example, in *New v. Ashcroft*, the plaintiff sought "to invalidate the electoral college process and to remove George W. Bush as

---

[7]    *Gray*, 372 U.S. at 380; *see also*, *Hitson v. Baggett*, 446 F.Supp. 674, 676 (M.D. Ala), aff'd, 580 F.2d 1051 (5th Cir. 1978) ("The discrimination of which plaintiffs complain (if it is discrimination) is a product of the constitutional mandate that our president be elected through an "Electoral College." As such, it is a type of "discrimination" specifically sanctioned by the Constitution.")

[8]    377 U.S. 533, 574 (1964).

President of the United States," on the theory that "his vote was diluted compared to votes of residents in other states."[9] The District Court dismissed the complaint for failure to state a claim for which relief could be granted, concluding that it was "[n]ot empowered to strike the document's text on the basis that it is offensive to itself or is in some way internally inconsistent. . . [i]n other words, the electoral college cannot be questioned constitutionally because it is established by the Constitution."[10]

Similarly, the U.S. District Court for the Central District of California last month dismissed essentially the same complaint filed by a pro se litigant, John Birke.[11] The California District Court denied Mr. Birke's motion to proceed in forma pauperis on the ground that his complaint was "legally and/or factually patently frivolous,"[12] concluding that "[n]o lawsuit can replace the Electoral College; only a constitutional amendment can do so."[13]

## CONCLUSION

For the foregoing reasons, the Court should dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6).

DATED: December 15, 2016.

---

[9] 293 F.Supp.2d 256, 257-58 (E.D.N.Y. 2003).

[10] *Id.* at 259 (quoting *Trinsey v. United States of America*, 2000 WL 1871697 at 2 (E.D.Pa. Dec. 21, 2000)).

[11] *See* Case No. 2:16-cv- 08432-R-E.

[12] *See id.* at Docket 5.

[13] *Id.*

JAHNA LINDEMUTH
ATTORNEY GENERAL

By: <u>/s/ Rachel Witty</u>
Rachel Witty
Assistant Attorney General
Alaska Bar No. 0409052
Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-6612
Facsimile: (907) 258-4978
Email: rachel.witty@alaska.gov

**Attorney for Defendants**

## Certificate of Service

I hereby certify that on December 15, 2016, a copy of the foregoing **Motion to Dismiss** was served electronically & by U.S. Mail on:

>Janice Park
>P.O. Box 202726
>Anchorage, AK 99520

s/ Rachel Witty