IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JANICE L. PARK,

                Plaintiff,

v.

SEAN PARNELL, CAROL LEMAN, and
JACQUELINE TUPUO, Members of the
Electoral College,

                Defendants.

Case No. 3:16-cv-00281-TMB

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

## I. INTRODUCTION

On December 12, 2016, Plaintiff Janice Park, proceeding pro se, filed a Complaint for Declaratory and Injunctive Relief against Defendants Sean Parnell, Carolyn Leman,[1] and Jacqueline Tupuo, Alaska's three Electoral College electors.[2] The Complaint alleges that when Defendants meet on December 19, 2016 to vote for President and Vice President of the United States, they are "overwhelmingly likely" to cast their electoral votes for President-Elect Donald Trump. The Complaint further alleges that such action will deny Park, who voted for Hillary Clinton on November 8, 2016, her right to equal protection under the laws, as guaranteed by the Federal Constitution, and will also violate the principle of "one person, one vote."

In relief, Park seeks: (1) a judicial declaration that Park and all other individuals who voted for Clinton will be "substantially, adversely, and irreparably" injured if Defendants cast their electoral votes for President-Elect Donald Trump on December 19, 2016, in violation of

---

[1] The Complaint mistakenly identifies "Carolyn Leman" as "Carol Leman."

[2] Dkt. 1.

1

Park's right to equal protection and the "one person, one vote" principle; (2) a judicial declaration that the Electoral College is "irreconcilable" with Park's right to equal protection and the "one person, one vote" principle; (3) a judicial declaration that Park's right to equal protection under the laws and the "one person, one vote" principle "supersede" Defendants' interests as Electoral College electors; and (4) a permanent injunction enjoining Defendants from casting their electoral votes for President-Elect Donald Trump on December 19, 2016.

The Court set a hearing on the merits of Park's claims for December 15, 2016,[3] and invited the parties to submit briefs to the Court prior to the hearing.[4] Park filed a two-page brief in support of her claims.[5] Defendants also filed a brief, in which they moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action for which relief may be granted.[6] Park filed an opposition to Defendants' motion on December 16, 2016.[7] Based on the parties' written submissions and oral argument, and for the reasons that follow, the Court **GRANTS** Defendants' Motion to Dismiss at docket 9.

## II. DISCUSSION

Park complains that by casting their electoral votes for President-Elect Trump on December 19, 2016, despite Clinton having won the national popular vote, Defendants will diminish the value of her vote in violation of the Fifth Amendment's guarantee to equal

---

[3] *See* Dkt. 13.

[4] Dkt. 5. In this same order, the Court agreed to hear this case on an expedited schedule in light of the alleged injury.

[5] Dkt. 10.

[6] Dkt. 9.

[7] Dkt. 16.

protection under the laws[8] and the principle of "one person, one vote." But, as Defendants correctly argue in their motion at docket 9, Park's claims are without merit.

The "one person, one vote" principle originates from the Equal Protection Clause of the Fourteenth Amendment[9] and was first set forth by the Supreme Court of the United States in *Gray v. Sanders*.[10] In striking down Georgia's "county unit" system, which weighted votes from rural counties more heavily than urban counties, the Court concluded that "[o]nce the

---

[8] Defendants, as Alaska's electors, act by authority of the State of Alaska, *see* Alaska Stat. § 15.30.020 *et seq.*, and are therefore considered state, and not federal, officials, *see Fitzgerald v. Green*, 134 U.S. 377, 379 (1890) ("Although the [members of the Electoral College] are appointed and act under and pursuant to the Constitution of the United States, they are no more officers or agents of the United States than are the members of the state legislatures when acting as electors of federal senators, or the people of the states when acting as electors of representatives in congress."); *Walker v. United States*, 93 F.2d 383, 388 (8th Cir. 1937) ("It is contended by defendants that presidential electors are officers of the state and not federal officers. We are of the view that this contention is sound and should be sustained."). Because the Fifth Amendment's due process and equal protection guarantees apply only to the federal government, Park cannot maintain a Fifth Amendment equal protection claim against Defendants as a matter of law. *See Bingue v. Prunchak*, 512 F.3d 1169, 1174 (2008) (holding Fifth Amendment due process claim against local law enforcement official "is plainly foreclosed by the Constitution," as "the Fifth Amendment's due process clause only applies to the federal government"); *see also Chandler v. Williams*, No. CV-08-962-ST, 2010 WL 6004373, at *6 n.6 (D. Or. Dec. 21, 2010) (explaining Fifth Amendment due process and equal protection guarantees "apply only to the federal government, not to state actors"). However, given Park's pro se status, the Court will construe her Fifth Amendment equal protection claim as a Fourteenth Amendment equal protection claim. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur obligation remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."). As a practical matter, the analysis under the Fifth and Fourteenth Amendments is the same, and also encompasses her "one person, one vote" claim. *Weinberger v. Wiesenfeld*, 420 U.S. 636, 638 n.2 (1975) (noting the "approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment").

[9] *See Rice v. Cayetano*, 528 U.S. 495, 522 (2000) (characterizing the "one-person, one-vote requirement of the Fourteenth Amendment").

[10] 372 U.S. 368, 379–81 (1963). In her complaint, Park mistakenly attributes this principle to *Baker v. Carr*, 369 U.S. 186 (1962), which holds only that equal protection challenges to malapportionment present justiciable questions for the federal courts.

3

geographical unit for which a representative is to be chosen is designated, all who participate in the election are to have an equal vote—whatever their race, whatever their sex, whatever their occupation, whatever their income, and wherever their home may be in that geographical unit. This is required by the Equal Protection Clause of the Fourteenth Amendment."[11]

At the same time that the *Gray* Court articulated the principle of "one person, one vote," it noted that there were exceptions to that principle: "[t]he only weighting of votes sanctioned by the Constitution concerns matters of representation, such as the allocation of Senators irrespective of population and the use of the Electoral College in the choice of a President."[12] The Court recognized that "[t]he inclusion of the Electoral College in the Constitution, as the result of specific historical concerns, validated the collegiate principle despite its inherent numerical inequality."[13] In other words, while establishing the principle of "one person, one vote," the Court also held that the very language of the Constitution excuses the Electoral College's conformity to that principle.

Since the Supreme Court's decision in *Gray,* several courts have considered and rejected similar Fourteenth Amendment challenges to the Electoral College. In *Penton v. Humphrey*, a three-judge panel sitting in the Southern District of Mississippi acknowledged that under *Gray*, "the alleged inequities of the Electoral College are an exception of the application of [the "one person, one vote"] doctrine."[14] And in the aftermath of the contentious presidential election of

---

[11] *Gray*, 372 U.S. at 379.

[12] *Id.* at 380.

[13] *Id.* at 378.

[14] 264 F. Supp. 250, 251 (S.D. Miss. 1967).

4

2000, several other courts considered constitutional challenges to the Electoral College.[15] In *Trinsey v. United States*, the district court rejected the argument that the Electoral College unconstitutionally denied a majority of voters their right to "one person, one vote," holding that it is axiomatic that "the Electoral College cannot be questioned constitutionally because it is established by the Constitution."[16] Following *Trinsey*, two separate district courts in New York also considered and rejected similar Electoral College challenges based on the "one person, one vote" principle.[17] Most recently, in the wake of the 2016 election, this Court is aware of two other district courts that have considered and rejected essentially the same challenge to the Electoral College that Park makes here.[18]

---

[15] In the 2000 presidential election, like the 2016 election, the winners of the Electoral College (George W. Bush and Dick Cheney) were not the candidates that received the majority of the popular vote (Al Gore and Joe Lieberman).

[16] No. Civ.A. 00-5700, 2000 WL 1871697, at *3 (E.D. Pa. Dec. 21, 2000) (citing *Irish v. Democratic-Farm-Labor Party of Minnesota*, 287 F. Supp. 794, 803 (D. Minn. 1968)).

[17] *New v. Ashcroft*, 293 F. Supp. 2d 256 (E.D.N.Y. 2003) (rejecting a challenge that the Electoral College devalues votes for president from more populous states in violation of the "one-person, one vote" principle of the Fourteenth Amendment); *New v. Pelosi*, No. 08-cv-9055, 2008 WL 4755414 (S.D.N.Y. Oct. 29, 2008) (rejecting a challenge that the Electoral College favors states with small populations by granting their citizens greater influence in violation of the "one-person, one vote" principle of the Fourteenth Amendment).

[18] *See Birke v. The 538 Individual Members of the Electoral Coll.*, No. 2:16-cv-08432-R-E (C.D. Cal. Nov. 18, 2016) (holding Plaintiff's claims that Electoral College violates equal protection lacks merit because the Electoral College method is of equal constitutional dignity with other constitutionally enshrined principles); *see also Collins v. Merrill*, No. 16-cv-9375 (RJS), 2016 WL 7176651, at *2 n.1 (S.D.N.Y. Dec. 7, 2016) ("The Court also notes that even if it had subject matter jurisdiction to entertain this suit, Plaintiff would clearly fail to state a claim on which relief can be granted. [T]he electoral college cannot be questioned constitutionally because it is established by the Constitution, and the Court is not empowered to strike the document's text on the basis that it is offensive to itself or is in some way internally inconsistent." (internal quotations and citations omitted)).

Article II, section 1 as modified by the Twelfth Amendment to the Federal Constitution establishes and prescribes the election of the President and Vice President by the Electoral College. As Judge Kleinfeld articulately stated, "[o]ur Constitution requires that electoral votes be cast state-by-state, not that the President be elected by plurality or majority of the nationwide popular vote. . . . Whether the electoral college and winner-take-all casting of electoral votes is a good idea or not has no bearing on the law. Article II, section 1 and the Twelfth Amendment are the Constitution we have."[19] Park's remedy lies in the constitutional amendment process, and not with the courts.

### III. CONCLUSION

For the above reasons, the Court **GRANTS** Defendants' Motion to Dismiss at docket 9. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** in its entirety.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 16th day of December, 2016.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[19] *Porter v. Bowen*, 518 F.3d 1181, 1183–84 (9th Cir. 2008) (Kleinfeld, J., dissenting from denial of reh'g en banc).