Janice L Park, pro se
P. O. Box 202726
Anchorage AK 99520
Ph. 907-243-9873; 415-713-2287
waterstore@gci.net

RECEIVED
FEB 24 2017
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| JANICE PARK, an individual; | Case No. 3:16-cv-00281-TMB |
| Plaintiff, | |
| vs. | MOTION AND MEMORANDUM TO ACCEPT LATE IN FORMA PAUPERIS F4-IFP AND FOR RECONSIDERATION OF ORDER OF ORDER |
| SEAN PARNELL, CAROL LEMAN, and JACQUELINE TUPUO, MEMBERS OF THE ELECTORAL COLLEGE, | |
| Defendants. | |

Comes now Plaintiff Janice L. Park *in propria persona* in the above captioned matter against Defendants Sean Parnell, Carolyn Leman, and Jacqueline Tupuo in their capacities as Members of the Electoral College, and pursuant to Federal Rules of Civil Procedure 6(b); 54(b) and 60(b) request that the court will consider its ruling denying her *in forma pauperis* status on appeal. Janice's Motion incorporates a Memorandum of Law and is accompanied by her Affidavit and exhibits.

Janice misunderstood the need to complete a new form F4-IFP. Janice hereby submits her motion for leave acceptance of her application to proceed *in forma pauperis*. Her application is attached hereto. Janice regrets the delay in submitting the following, and requests that the Court reconsider its denial of *in forma pauperis* status.

## I. RELEVANT FACTS

This is the first case Janice has filed in Federal Court. She is making a sincere effort to comply with the requirements set by the Court. However, important personal matters have intervened that have prevented her from giving the matter all the attention required (*Affidavit of Janice Park*).

Janice was involved in an Alaska divorce case number 3AN-07-9516CI Husseini v. Husseini (*see also Husseini v. Husseini* 230 P.3d 682 (Alaska 2010), in which she lost much of her marital estate. Janice has never been paid her judgment from the divorce, and time had run. During January and February Janice made several necessary filings in Alaska Superior Court for amendments to and extension of the property division order.

In the years since this divorce, Janice, who is a legally disabled senior, depends upon her Social Security and the rental of rooms in her home to pay her bills. Since the hearing of December 16, 2016 she has had roommates move out, leaving her unable to meet her bills. This has caused the necessity that she attend to practical matters involving keeping her bills paid (*Affidavit, supra*).

As if that were not enough, Janice is also involved in two cases involving her elderly and infirm mother which have required multiple filings and court appearances out of state. This situation is detailed in her Affidavit.

These combined elements have prevented Janice from timely complying with the courts orders; were absolutely unavoidable; and should not be interpreted as a lack of diligence in the case at bar.

## II. LEGAL STANDARD

Federal Civil Rule 6(b) (1) (B), is a rule of general application giving wide discretion to the court to enlarge time limits or revive them after they have expired,

2

Federal Civil Rule 54 (b) allows revisiting any decision before "*entry of judgment adjudicating all the claims and all the rights and liabilities of all the parties*". It is appropriate where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice (*Official Comm. Of Unsecured Creditors v. Coopers and Lybrand, LLP* 322 F.3d 147, 167 [2nd Circuit, 2003]).

Federal Civil Rule 60 (b) permits reconsideration and relief of a judgment or order where "*there is mistake… or excusable neglect.*"

## CONCLUSION

Janice does not take the gravamen of the underlying case lightly or frivolously. She has completed the paperwork required by the Court and submits the F4-IFP form and affidavit herewith. Her failure to timely file was unintentional and she respectfully requests the Court take into account those matters which have prevented her timely compliance.

It is essential that Janice be granted her Motion for in *forma pauperis* status to further pursue this very important matter. Given recent developments in the political and governmental climate of which the Court may have taken judicial notice, cases such as this which stand for the citizens rights for redress under the First Amendment take on even greater importance.

Janice's Motion should be granted in the interests of Justice.

Respectfully submitted this 24th Day of February 2017,

Janice L. Park
*In pro per*, Plaintiff/Appellant